**Electronically Filed
Intermediate Court of Appeals
CAAP-11-0000512
13-NOV-2012
02:16 PM**

NO. CAAP-11-0000512

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

PATRICK LOPEZ, Plaintiff-Appellant, v.
STATE OF HAWAIʻI, Defendant-Appellee

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 09-1-1613)

MEMORANDUM OPINION
(By: Nakamura, C.J., Foley and Fujise, JJ.)

Plaintiff-Appellant Patrick Lopez (Lopez) appeals from the "Order Denying Plaintiff's Motion for Issuance of Writ of Execution/Mandamus, Filed On January 14, 2011" (Order Denying) entered June 15, 2011 in the Circuit Court of the First Circuit[1] (circuit court). Lopez contends the circuit court erred in giving the lien recorded by the Child Support Enforcement Agency (CSEA) for child support arrearage priority over the attorney's lien established for payment of fees.

## I. BACKGROUND

On August 20, 1997, the Office of Child Support Hearings of the Department of Attorney General filed an administrative order finding Lopez delinquent on child support with $17,964 due in arrearage. The administrative order was

---

[1] The Honorable Patrick W. Border presided.

filed in the Bureau of Conveyances on September 15, 1997 and created a statutory lien for the child support arrearage.[2]

On June 30, 2008, Lopez entered into an agreement with an attorney for legal representation in a separate civil action and on September 9, 2010, received an arbitration award of $9000 against the State of Hawai'i (State). On January 14, 2011, Lopez filed a "Motion for Issuance of Writ of Execution/Mandamus" seeking full payment of the arbitration award from the State to satisfy the attorney's lien. CSEA opposed Lopez's motion. On June 15, 2011, the circuit court entered the Order Denying. Lopez filed a timely notice of appeal on July 1, 2011.

## II.  STANDARD OF REVIEW

### A. Statutory Interpretation

> The standard of review for statutory construction is well-established. The interpretation of a statute is a question of law which [the appellate] court reviews de novo. Where the language of the statute is plain and unambiguous, our only duty is to give effect to its plain and obvious meaning.

> *Liberty Mut. Fire Ins. Co. v. Dennison*, 108 Hawai'i 380, 384, 120 P.3d 1115, 1119 (2005) (internal quotations omitted) (quoting *Labrador v. Liberty Mut. Group*, 103 Hawai'i 206, 211, 81 P.3d 386, 391 (2003)).

Sierra Club v. Dep't of Transp., 120 Hawai'i 181, 197, 202 P.3d 1226, 1242 (2009).

## III.  DISCUSSION

Lopez contends the circuit court erred in concluding CSEA's statutory lien has priority over Lopez's attorney's fees lien. This appeal centers on the circuit court's interpretation of Hawaii Revised Statutes (HRS) § 576D-10.5 (Supp. 1997) governing child support liens and HRS § 507-81 (2006 Repl.)

---

[2] The statutory lien was created pursuant to HRS § 576D-10.5(a) (Supp. 1997), which provides in relevant part:

§576-10.5 Liens. (a) Whenever any obligor through judicial or administrative process in this State or any other state has been ordered to pay an allowance for the support, maintenance, or education of a child, . . . and the obligor becomes delinquent in those payments, a lien shall arise on the obligor's real and personal property . . . . No judicial notice or hearing shall be necessary prior to creation of such a lien.

governing attorney's liens. Lopez asserts the circuit court failed to consider HRS § 576D-10.5 and HRS § 507-81 *in pari materia* in light of the ambiguous language in HRS § 576D-10.5, and in failing to do so, improperly concluded that the child support lien took priority over the attorney's lien.

The language in HRS § 576D-10.5 governing child support liens is not ambiguous, but clearly articulates the priority of child support liens over subsequent liens, other than tax liens. "The fundamental starting point for statutory interpretation is the language of the statute itself." State v. Kikuta, 125 Hawaiʻi 78, 88, 253 P.3d 639, 649 (2011) (brackets omitted) (quoting Kepoo v. Kane, 106 Hawaiʻi 270, 285, 103 P.3d 939, 954 (2005)). HRS § 576D-10.5 provides in relevant part:

> . . . .
>
> (c) The child support order or judgment filed through judicial or administrative proceedings in this State or any other state shall be recorded in the bureau of conveyances . . . . The lien shall become effective immediately upon recordation of the child support order and shall attach to all interests in real or personal property then owned or subsequently acquired by the obligor including any interests not recorded with the bureau of conveyances or filed in the land court.
>
> . . . .
>
> (e) Any lien provided for by this section shall take priority over any lien subsequently acquired or recorded except tax liens.

HRS § 576D-10.5.

CSEA recorded the child support lien September 15, 1997, more than ten years before the attorney's lien. The plain language of HRS § 576D-10.5 gives priority to CSEA's lien over the subsequent attorney's lien.

HRS § 576D-10.5 granting priority to the preceding child support lien over the subsequent attorney's lien, is not inconsistent with the statute governing attorney's fees, HRS § 507-81(c), which provides "[e]xcept for tax liens, prior liens of record on the real and personal property subject to the lien created by this section, and as provided in section (d), the

attorney's lien is superior to all other liens."[3] The plain language of HRS § 507-81(c) gives priority to a prior recorded lien, as in this case, over a subsequent attorney's lien.

Though Lopez contends HRS § 507-81 creates a property interest for the attorney separate from that of the client, HRS § 507-81(k) provides "[a]ttorneys have the same right and power over actions, suits, proceedings, judgments, decrees, orders, settlements, and awards to enforce their liens as the clients have for the amount due thereon to them." HRS § 507-81 does not provide a superior or separate right for an attorney, but grants the attorney the same right to the judgment as the client.

### IV. CONCLUSION

The "Order Denying Plaintiff's Motion for Issuance of Writ of Execution/Mandamus" entered June 15, 2011 in the Circuit Court of the First Circuit is affirmed.

DATED: Honolulu, Hawaiʻi, November 13, 2012.

On the briefs:

Eric A. Seitz
Della A. Belatti
Ronald N.W. Kim
(Law Office of Eric A. Seitz)
for Plaintiff-Appellant.

Kimberly Tsumoto-Guidry
First Deputy Solicitor General
for Defendant-Appellee.

*Craig H. Nakamura*
Chief Judge

*Daniel R. Foley*
Associate Judge

*Alexa D.M. Fujise*
Associate Judge

---

[3] HRS § 507-81(d) states:

> [§507-81] Attorney's Lien upon actions and judgments.
> . . . .
>
> (d) "When the attorney's lien attaches to a judgment, settlement, or decree allowing or enforcing a client's lien, the attorney's lien has the same priority as the client's lien with regard to personal or real property subject to client's lien."

4